KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: (702) 678-5070
Facsimile: (702) 878-9995
kstolworthy@atllp.com
malarie@atllp.com

*Attorneys for Defendants/Counter-claimants Sportsman's Royal Manor, LLC and Gary Brennan*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RSUI INDEMNITY COMPANY, a New Hampshire Stock Company; and EVANSTON INSURANCE COMPANY, an Illinois corporation<br><br>Plaintiffs,<br><br>vs.<br><br>SPORTSMAN'S ROYAL MANOR, LLC, a Nevada Limited Liability Company; DOMONIQUE BROWNING-PALMER, individually; GARY BRENNAN, individually;<br><br>Defendants. | Case No.: 2:20-cv-01484-RFB-VCF<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY DEADLINES WITHIN JOINT DISCOVERY PLAN AND SCHEDULING ORDER (ECF NO. 56)**<br><br>**[FIRST REQUEST]** |
| SPORTSMAN'S ROYAL MANOR, LLC; GARY BRENNAN;<br><br>Counter-claimants,<br><br>vs.<br><br>RSUI INDEMNITY COMPANY; EVANSTON INSURANCE COMPANY; KAERCHER CAMPBELL & ASSOCIATES INSURANCE BROKERAGE OF NEVADA, LLC; KAERCHER INSURANCE, AN ALERA GROUP AGENCY, LLC; and DOE DEFENDANTS 1-10; ROE DEFENDANTS 11-20;<br><br>Counter-defendants. | |

The parties, RSUI Indemnity Company ("RSUI"), Evanston Insurance Company ("Evanston"), Sportsman's Royal Manor, LLC ("SRM"), Gary Brennan ("Brennan"),

- 1 -

Domonique Browning-Palmer ("Browning-Palmer"), Kaercher Campbell & Associates Insurance Brokerage of Nevada, LLC ("Kaercher Campbell"), and Kaercher Insurance, an Alera Group Agency, LLC ("Kaercher Insurance," and with Kaercher Campbell, "Kaercher") (collectively, the "Parties"), by and among the undersigned counsel, hereby submit this stipulation requesting that this Court extend all unexpired deadlines within the Joint Discovery Plan and Scheduling Order (ECF No. 56) by 180 days. This is the parties' first request to extend discovery deadlines in this case. This stipulation is entered into in good faith and not for purposes of undue delay.

The current Joint Discovery Plan and Scheduling Order provides the following current discovery deadlines: Discovery Cut-Off: October 13, 2021; Amend Pleadings/Add Parties: July 15, 2021; Initial Expert: August 16, 2021; Rebuttal Expert: September 15, 2021; Dispositive Motions: November 12, 2021; Pre-Trial Order: December 13, 2021 (subject to LR 26-1(b)(5)). (ECF No. 56.)

In compliance with LR IA 6-1 and 26-3, the parties submit that good cause exists to extend the above-referenced discovery deadlines by 180 days.

1. **Discovery completed**

On August 10, 2020, RSUI and Evanston filed a Complaint against SRM, Brennan, and Browning-Palmer seeking declaratory relief concerning their rights and obligations under certain polices of excess insurance RSUI and Evanston issued to SRM and Brennan for policy period March 13, 2015, to March 13, 2016, with respect to a claim for personal injury damages made by Browning-Palmer arising out of a 2015 shooting at SRM's property. (ECF No. 1.) Browning-Palmer subsequently filed a lawsuit against SRM relating to the above-referenced claim that is currently pending in the Eighth Judicial District Court, Clark County, Nevada, entitled *Browning-Palmer v. Hines, et al.*, Case No. A-17-755668-C (the "Underlying Action"). (Id.)

On October 13, 2020, SRM and Brennan filed a Counterclaim against RSUI, Evanston, and new parties Kaercher arising out of the insurers' and insurance brokers' alleged conduct with respect to their handling of the Browning-Palmer claim and the Underlying Action as well as the sale of certain general liability and excess insurance policies to SRM and Brennan. (ECF No.

14.) Thereafter, RSUI, Evanston, and Kaercher filed a number of motions to dismiss and to strike the Counterclaim. (ECF Nos. 21 – 22, 25 – 27, 32 – 34, 38, and 41 – 43.) On November 24, 2020, SRM and Brennan filed a First Amended Counterclaim. (ECF No. 46.) RSUI, Evanston, and Kaercher again filed a number of motions to dismiss and to strike the First Amended Counterclaim. (ECF Nos. 58 – 62.) The motions were fully briefed as of February 12, 2021, and are pending at this time.

Counsel for the parties attended a FRCP 26(f) conference on December 16, 2020. A Joint Discovery Plan and Scheduling Order was submitted by the parties on December 18, 2020 (ECF No. 55), which was entered by this Court on December 21, 2020. (ECF No. 56).

RSUI served its Initial Disclosures on January 15, 2021, including producing more than 250 pages of documents. SRM and Brennan served their Initial Disclosures on January 15, 2021. Browning-Palmer served her Initial Disclosures on January 15, 2021. Kaercher served their Initial Disclosures on January 15, 2021. And finally, Evanston served its Initial Disclosures on January 15, 2021, including producing approximately 153 pages of documents.

On March 8, 2021, RSUI served written discovery on Evanston, SRM, and Kaercher. Such discovery included a First Set of Requests for Production to Evanston and Kaercher and a First Set of Interrogatories and First Set of Requests for Production to SRM.

On March 8, 2021, RSUI also served two Notices of Issuance of Subpoena Duces Tecum to Swett & Crawford and James River Insurance Company.

On March 30, 2021, SRM served written discovery on RSUI, Evanston, and Kaercher. Such discovery included a First Set of Interrogatories and First Set of Requests for Production to RSUI and Evanston, and First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admission to Kaercher.

On April 27, 2021, Kaercher served its responses to RSUI's First Set of Requests for Production, including producing approximately 700 pages of documents with a First Supplement to Initial Disclosures. In April 29, 2021, Kaercher served its responses to SRM's First Set of Interrogatories and SRM's First Set of Requests for Admission. On May 7, 2021, Kaercher served its responses to SRM's First Set of Requests for Production. Kaercher served

its Second Supplement to Initial Disclosures on May 18, 2021, including two new documents.

Because the Underlying Action remains pending with continued documentation to be added to claims files as the Underlying Action progresses and discovery activity in this action related to SRM, Brennan, RSUI, and Evanston is likely to involve disclosure of information, documents, and materials relevant to the evaluation Browning-Palmer's claim and/or the ongoing strategy for the prosecution, defense, and resolution of the Underlying Action, SRM, Brennan, RSUI, and Evanston spent a significant amount of time working out document production issues to alleviate such concerns. This effort was required to ensure that no party gained an unfair competitive advantage in the Underlying Action through production of documents in the instant case. As a result, on June 9, 2021, the parties submitted a Stipulated Confidentiality and Protective Order, which this Court entered on June 10, 2021 (ECF No. 80). The parties are also currently negotiating another stipulation to allow for the withholding of documents from Browning-Palmer related to SRM's, RSUI's, and Evanston's evaluation of the Browning-Palmer claim and/or the ongoing strategy for the prosecution, defense, and resolution of the Underlying Action. The parties anticipate submitting that stipulation to this Court shortly. Based on these ongoing discussions, RSUI and SRM provided each other and Evanston with multiple extensions of the deadlines to respond to written discovery.

On June 11, 2021, SRM served a Subpoena Duces Tecum on CRC Insurance Services, Inc. fka Swett & Crawford ("Swett & Crawford"), who SRM believes to be a wholesale insurance broker that procured insurance policies for SRM. On June 30, 2021, Swett & Crawford advised SRM that it would be producing responsive documents located in its central insurance files on or before July 12, 2021; however, Swett & Crawford advised that they did not undertake a search of its emails across the company based on cost and burden concerns. SRM intends to confer with Swett & Crawford to potentially limit the scope of the email searches to certain custodian and search terms. If an agreement cannot be worked out, SRM believes that motion practice may be necessary to compel Swett & Crawford's compliance with the document subpoena.

On June 23, 2021, RSUI served its responses to SRM's First Set of Interrogatories and

SRM's First Set of Request for Production of Documents, including producing more than 400 pages of documents.

On June 23, 2021, Evanston served its responses to RSUI's First Set of Requests for Production of Documents, SRM's First Set of Interrogatories, and SRM's First Set of Request for Production of Documents. Evanston produced approximately 600 pages of documents on June 24, 2021.

On June 23, 2021, SRM served its responses to RSUI's First Set of Interrogatories and RSUI's First Set of Requests for Production of Documents, including producing more than 1,600 pages of documents.

RSUI, Evanston, and SRM anticipate producing another round of documents as soon as the above-mentioned stipulation concerning withholding from Browning-Palmer has been entered by this Court.

On June 24, 2021, RSUI served another Notice of Issuance of Subpoena Duces Tecum to CRC Insurance Services, Inc. f/k/a Swett & Crawford, notifying the parties that it would serve the subpoena on July 2, 2021.

James River Insurance Company has not yet responded to the Subpoena Duces Tecum issued by RSUI.

Given the current deadlines, the parties need to or have retained their respective experts for this insurance coverage action.

**2. Discovery that remains to be completed.**

As mentioned above, the parties continue to negotiate a needed stipulation to allow RSUI, Evanston, SRM, and Brennan to freely produce documents relevant to Browning-Palmer's claim and defense of the Underlying Action without giving Browning-Palmer an unfair advantage in litigating the Underlying Action. Once that stipulation is entered by this Court, RSUI, Evanston, and SRM anticipate producing additional documents.

The parties also anticipate propounding additional written discovery requests based on the parties current responses and document productions.

In addition, SRM is presently engaged in the meet-and-confer process with Kaercher

concerning Kaercher's responses to SRM's written discovery, document production, and compliance with Fed. R. Civ. P. 26(a)(1)(A)(iv). Should the parties not be able to work out an agreement, a discovery motion may be necessary.

RUSI is still waiting on James River Insurance Company to respond to the Subpoena Duces Tecum.

As set forth above, SRM is awaiting Swett & Crawford's document production in response to the Subpoena Duces Tecum. However, based on recent communications from Swett & Crawford, SRM anticipates that it will need to participate in a meet-and-confer with Swett & Crawford, and potentially discovery motion practice if the parties cannot reach an agreement on the scope of Swett & Crawford conducting a limited email search.

The parties also still need to take the depositions of a number of fact witnesses, including at a minimum the Fed. R. Civ. P. 30(b)(6) designee for party as well as those individual personally involved in the procuring of the relevant insurance policies. The parties, however, reserve their right to take other depositions. These depositions need to occur after documents productions by the parties and third-parties are completed.

Expert discovery is also remaining. The parties will also need to take expert witness depositions, which cannot be taken until experts are disclosed and reports exchanged.

**3. Reason why the remaining discovery cannot be completed within the time limits set by the Scheduling Order.**

As demonstrated above, the parties have been actively engaged in discovery since attending the Fed. R. Civ. P. 26(f) conference, including propounding and responding to written discovery, document productions of thousands of pages of documents, conferring regarding the protective order and other document production issues, engaging in the meet-and-confer process, serving subpoena duces tecum on third-parties, and retaining their respective experts.

Nevertheless, it is clear that the parties require additional time to conduct discovery. In particular, the expert disclosure deadline is approximately one month away, yet because of numerous issues that have arisen to maintain the privacy of certain documents from Browning-Palmer that are within SRM's, Brennan's, RSUI's, and Evanston's possession regarding the

Browning-Palmer claim and defense of the Underlying Action, there have been delays in the parties responding to written discovery and producing documents. Although the parties did their best to swiftly work out a course of action, these delays were unavoidable. In addition, the parties are still awaiting document productions from third-parties including James River Insurance Company and Swett & Crawford. Last, SRM is presently in meet-and-confer discussions with Kaercher and intends to negotiate with Swett & Crawford to limit the email search protocol to address Swett & Crawford's cost and burden claims. However, if the parties are unable to agree, SRM anticipates that court intervention may be necessary, which will further delay discovery.

As such, the parties seek a 180-day extension as a reasonable accommodation to allow the parties to complete written discovery and document productions such that their respective experts will have access to all relevant materials in formulating their opinions and reports.

This is the parties' first request to extend discovery. Furthermore, this request is timely and complies with LR IA 6-1 and LR 26-3 and the Scheduling Order entered in this case.

**4. Proposed discovery schedule.**

The parties agree and propose a 180-day extension of the discovery deadlines as follows:

a) Discovery Cut-off Date: **April 11, 2022** (formerly October 13, 2021)

b) Amend Pleadings/Add Parties: **January 11, 2022** (formerly July 15, 2021)

c) FRCP 26(a)(2) Disclosure of Initial Expert: **February 10, 2022** (formerly August 16, 2021)

d) FRCP 26(a)(2) Disclosure of Rebuttal Expert: **March 14, 2022** (formerly September 15, 2021)

e) Dispositive Motions: **May 11, 2022** (formerly November 12, 2021)

f) Pre-Trial Order: **June 10, 2022** (formerly December 13, 2021), but if dispositive motions are filed, 30 days after decision on the dispositive motions or further order of the court.

The parties stipulate and request that the Court enter an order approving the proposed discovery schedule as set forth above.

Dated this 8th day of July, 2021.

**ARMSTRONG TEASDALE LLP**

By: ___/s/ Michelle D. Alarie___
   KEVIN R. STOLWORTHY, ESQ. (#2798)
   MICHELLE D. ALARIE, ESQ. (#11894)
   3770 Howard Hughes Parkway, Suite 200
   Las Vegas, Nevada 89169

*Attorneys for Sportsman's Royal Manor, LLC and Gary Brennan*

Dated this 8th day of July, 2021.

**CLYDE & CO US LLP**

By: ___/s/ Peter J. Whalen___
   PETER J. WHALEN, ESQ. (pro hac vice)
   JENNIFER D. MCKEE, ESQ. (#9624)
   3960 Howard Hughes Parkway, Suite 500
   Las Vegas, Nevada 89169

*Attorneys for Evanston Insurance Company*

Dated this 8th day of July, 2021.

**MATTHEW L. SHARP, LTD.**

By: ___/s/ Matthew L. Sharp___
   MATTHEW L. SHARP, ESQ. (#4746)
   432 Ridge Street
   Reno, Nevada 89509

*Attorneys for Domonique Browning-Palmer*

Dated this 8th day of July, 2021.

**CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, PLLC**

By: ___/s/ Tyler J. Watson___
   GENA L. SLUGA, ESQ. (#9910)
   MARTIN KRAVITZ, ESQ. (#83)
   TYLER J. WATSON, ESQ. (#11735)
   8985 Eastern Avenue, Suite 200
   Las Vegas, Nevada 89123

*Attorneys for RSUI Indemnity Company*

Dated this 8th day of July, 2021.

**LIPSON NEILSON P.C.**

By: ___/s/ Amanda A. Ebert___
   JOSEPH P. GARIN, ESQ. (#6653)
   AMANDA A. EBERT, ESQ. (#12731)
   9900 Covington Cross Drive, Suite 120
   Las Vegas, Nevada 89144

*Attorneys for Kaercher Campbell & Associates Insurance Brokerage of Nevada, LLC and Kaercher Insurance, an Alera Group Agency, LLC*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATE: 7-15-2021