KEVIN R. STOLWORTHY, ESQ.
Nevada Bar No. 2798
MICHELLE D. ALARIE, ESQ.
Nevada Bar No. 11894
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: (702) 678-5070
Facsimile: (702) 878-9995
kstolworthy@atllp.com
malarie@atllp.com

*Attorneys for Defendants/Counter-claimants Sportsman's Royal Manor, LLC and Gary Brennan*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RSUI INDEMNITY COMPANY, a New Hampshire Stock Company; and EVANSTON INSURANCE COMPANY, an Illinois corporation<br><br>Plaintiffs,<br><br>vs.<br><br>SPORTSMAN'S ROYAL MANOR, LLC, a Nevada Limited Liability Company; DOMONIQUE BROWNING-PALMER, individually; GARY BRENNAN, individually;<br><br>Defendants.<br><br>SPORTSMAN'S ROYAL MANOR, LLC; GARY BRENNAN;<br><br>Counter-claimants,<br><br>vs.<br><br>RSUI INDEMNITY COMPANY; EVANSTON INSURANCE COMPANY; KAERCHER CAMPBELL & ASSOCIATES INSURANCE BROKERAGE OF NEVADA, LLC; KAERCHER INSURANCE, AN ALERA GROUP AGENCY, LLC; and DOE DEFENDANTS 1-10; ROE DEFENDANTS 11-20;<br><br>Counter-defendants. | Case No.: 2:20-cv-01484-RFB-VCF<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DOCUMENT PRODUCTION RELATED TO DEFENDANT DOMONIQUE BROWNING-PALMER** |

The parties, RSUI Indemnity Company ("RSUI"), Evanston Insurance Company ("Evanston"), Sportsman's Royal Manor, LLC ("SRM"), Gary Brennan ("Brennan"), Domonique

- 1 -

Browning-Palmer ("Browning-Palmer"), Kaercher Campbell & Associates Insurance Brokerage of Nevada, LLC ("Kaercher Campbell"), and Kaercher Insurance, an Alera Group Agency, LLC ("Kaercher Insurance," and with Kaercher Campbell, "Kaercher") (collectively, the "Parties"), by and among the undersigned counsel, stipulate and agree, subject to this Court's approval, to the terms and procedures set forth below for the production and exchange of documents, tangible things, materials, and any other information in the above-referenced action. Nothing in this stipulation shall interfere with the parties obligations set forth in the Protective Order entered June 10, 2021 (ECF No. 80).

WHEREAS, on August 10, 2020, RSUI and Evanston filed a Complaint against SRM, Brennan, and Browning-Palmer seeking declaratory relief concerning their rights and obligations under certain polices of excess insurance RSUI and Evanston issued to SRM and Brennan for policy period March 13, 2015, to March 13, 2016, with respect to a claim for personal injury damages made by Browning-Palmer arising out of a 2015 shooting at SRM's property (the "Claim") and Browning-Palmer's subsequently filed lawsuit against SRM currently pending in the Eighth Judicial District Court, Clark County, Nevada, entitled *Browning-Palmer v. Hines, et al.*, Case No. A-17-755668-C ("Underlying Action"). (ECF No. 1.)

WHEREAS, SRM and Brennan filed a Counterclaim against RSUI and Evanston and new parties, Kaercher, arising out of the insurers' and insurance brokers' alleged conduct with respect to the Claim, the Underlying Action, and the sale of certain general liability and excess insurance policies to SRM and Brennan. (ECF No. 14.) On November 24, 2020, SRM and Brennan filed a First Amended Counterclaim. (ECF No. 46.) The counterclaims against RSUI and Evanston include breach of contract, contractual breach of the implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing (insurance bad faith), violation of NRS 686.310 (unfair claims handling), and declaratory judgment.

WHEREAS, the Parties have begun discovery in this action, including propounding requests for production of documents, interrogatories, and requests for admission. Among other things, the written discovery already propounded requests information and documents related to the Claim, including without limitation evaluation of the Claim and/or the ongoing strategy for the

defense and resolution of the Underlying Action.

WHEREAS, given the Underlying Action remains pending as of the date of submission of this stipulation, Browning-Palmer will have an unfair competitive advantage in the Underlying Action if she were to receive information and documents related to the Claim, which includes without limitation evaluation of the Claim and/or the ongoing strategy for the defense and resolution of the Underlying Action.  Browning-Palmer is not a party to SRM and Brennan's counterclaims against RSUI and Evanston regarding claim handling; therefore, Browning-Palmer acknowledges that she is not entitled to receive and review the above-mentioned information and documents unless and until the Underlying Action is resolved via settlement or entry of judgment after exhaustion of all appeals.

THEREFORE, the undersigned counsel and the Parties hereby stipulate and agree as follows:

1. Information, documents, tangible things, and materials produced in this action, whether in a response to written discovery, document production, or received in response to a third-party subpoena, that concern or in any way touch upon the Claim, including without limitation the evaluation of the Claim and strategy for the defense and/or resolution of the Underlying Action (hereinafter, "Claim Related Materials") shall be withheld in their entirety from Browning-Palmer, but produced to all other parties in the action.

2. With respect to Claim Related Materials contained in answers and responses to written discovery, the answering or responding Party shall serve a redacted and an unredacted copy of its answers on all Parties except Browning-Palmer.  SRM will then have four weeks to review the scope of the redacted answers and responses to instruct the answering or responding Party to expand the scope of the redactions if SRM determines additional redactions are necessary to ensure that Browning-Palmer does not obtain an unfair competitive advantage in the Underlying Action.  Once the four-week period has passed, and any SRM directed redactions have been incorporated, the answering or responding Party will serve Browning-Palmer with the redacted copy of its answers or responses.

3. With respect to producing Claim Related Materials including documents, tangible

things, and materials, the Parties shall designate each document, tangible thing, and material using an "X" at the beginning of the bates label utilized by that party to identify that the document, tangible thing, or material is to be withheld from Browning-Palmer.  The Parties shall not be required to provide Browning-Palmer with a privilege log for the documents, tangible things, and materials withheld; however, Browning-Palmer shall be provided with a copy of each and every supplemental disclosure identifying the bates range of documents, tangible things, and materials produced, but withheld pursuant to this stipulation.

4. Nothing within this stipulation shall be deemed an admission that Claim Related Materials are relevant or waives a parties' right to object to any specific interrogatory, request for production, or request for admission on the basis of relevancy, privilege, or any other grounds to withhold information and documents.

5. If any Party intends to file with the Court or offer into evidence any Claim Related Materials, the Party shall comply with Section B(6) of the Protective Order,  including the requirement to move to file under seal.  Browning-Palmer shall be provided with a redacted version of any filing containing Claim Related Material at the time the filing is served on all Parties.

6. This stipulation shall be revisited in the event the Underlying Action resolves via settlement or entry of judgment after exhaustion of all appeals.

**IT IS SO STIPULATED.**

Dated this 2nd day of August, 2021.

**ARMSTRONG TEASDALE LLP**

By: ___/s/ Michelle D. Alarie_____
    KEVIN R. STOLWORTHY, ESQ. (#2798)
    MICHELLE D. ALARIE, ESQ. (#11894)
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169

*Attorneys for Sportsman's Royal Manor, LLC and Gary Brennan*

**CHRISTIAN, KRAVITZ, DICHTER, JOHNSON & SLUGA, PLLC**

By: ___/s/ Tyler J. Watson_____
    GENA L. SLUGA, ESQ. (#9910)
    MARTIN KRAVITZ, ESQ. (#83)
    TYLER J. WATSON, ESQ. (#11735)
    8985 Eastern Avenue, Suite 200
    Las Vegas, Nevada 89123

*Attorneys for RSUI Indemnity Company*

| | |
|---|---|
| **CLYDE & CO US LLP**<br><br>By:   */s/ Peter J. Whalen*<br>    PETER J. WHALEN, ESQ. (pro hac vice)<br>    JENNIFER D. MCKEE, ESQ. (#9624)<br>    3960 Howard Hughes Parkway, Suite 500<br>    Las Vegas, Nevada 89169<br><br>*Attorneys for Evanston Insurance Company* | **LIPSON NEILSON P.C.**<br><br>By:   */s/ Amanda A. Ebert*<br>    JOSEPH P. GARIN, ESQ. (#6653)<br>    AMANDA A. EBERT, ESQ. (#12731)<br>    9900 Covington Cross Drive, Suite 120<br>    Las Vegas, Nevada 89144<br><br>*Attorneys for Kaercher Campbell & Associates Insurance Brokerage of Nevada, LLC and Kaercher Insurance, an Alera Group Agency, LLC* |

**MATTHEW L. SHARP, LTD.**

By:   */s/Matthew L. Sharp*
    MATTHEW L. SHARP, ESQ. (#4746)
    432 Ridge Street
    Reno, Nevada 89509

*Attorneys for Domonique Browning-Palmer*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATE:  8-3-2021