1  KEVIN R. STOLWORTHY, ESQ.
   Nevada Bar No. 2798
2  MICHELLE D. ALARIE, ESQ.
   Nevada Bar No. 11894
3  ARMSTRONG TEASDALE LLP
   3770 Howard Hughes Parkway, Suite 200
4  Las Vegas, NV 89169
   Telephone:  (702) 678-5070
5  Facsimile:  (702) 878-9995
   kstolworthy@atllp.com
6  malarie@atllp.com

7  *Attorneys for Defendants/Counter-claimants Sportsman's
   Royal Manor, LLC and Gary Brennan*

8
                    **UNITED STATES DISTRICT COURT**
9
                         **DISTRICT OF NEVADA**
10

11  RSUI INDEMNITY COMPANY, a New          Case No.: 2:20-cv-01484-CDS-VCF
    Hampshire Stock Company; and EVANSTON
12  INSURANCE COMPANY, an Illinois corporation   **STIPULATION AND ~~PROPOSED~~**
                                             **ORDER TO EXTEND**
13           Plaintiffs,                     **DISCOVERY DEADLINES AND**
                                             **AMEND SCHEDULING ORDER**
14           vs.                             **(ECF NO. 91)**

15  SPORTSMAN'S ROYAL MANOR, LLC, a          **[THIRD REQUEST]**
    Nevada Limited Liability Company; DOMONIQUE
16  BROWNING-PALMER, individually; GARY
    BRENNAN, individually;
17
             Defendants.
18  ─────────────────────────────────────
19  SPORTSMAN'S ROYAL MANOR, LLC; GARY
    BRENNAN;
20
             Counter-claimants,
21
             vs.
22
    RSUI INDEMNITY COMPANY; EVANSTON
23  INSURANCE COMPANY; KAERCHER
    CAMPBELL & ASSOCIATES INSURANCE
24  BROKERAGE OF NEVADA, LLC; KAERCHER
    INSURANCE, AN ALERA GROUP AGENCY,
25  LLC; and DOE DEFENDANTS 1-10; ROE
    DEFENDANTS 11-20;
26
             Counter-defendants.
27  ─────────────────────────────────────

28        The parties, RSUI Indemnity Company ("RSUI"), Evanston Insurance Company

    ("Evanston"), Sportsman's Royal Manor, LLC ("SRM"), Gary Brennan ("Brennan"),

                                    - 1 -

Domonique Browning-Palmer ("Browning-Palmer"), Kaercher Campbell & Associates Insurance Brokerage of Nevada, LLC ("Kaercher Campbell"), and Kaercher Insurance, an Alera Group Agency, LLC ("Kaercher Insurance," and with Kaercher Campbell, "Kaercher"), by and among the undersigned counsel, hereby submit this stipulation requesting that this Court extend all deadlines within the Stipulation and Order to Extend Discovery Deadlines and Amend Scheduling Order (Second Request) (ECF No. 91) by an additional 180 days.  This is the parties' third request to extend discovery deadlines in this case.  This stipulation is entered into in good faith and not for purposes of undue delay.

The current Scheduling Order provides the following discovery deadlines:  Discovery Cut-Off:  October 11, 2022; Amend Pleadings/Add Parties:  July 13, 2022; Initial Expert: August 12, 2022; Rebuttal Expert:  September 12, 2022;  Dispositive Motions:  November 10, 2022; Pre-Trial Order:  December 12, 2022 (subject to LR 26-1(b)(5)).  (ECF No. 91.)

As further set forth below, good cause exists to extend the discovery deadlines in this matter by another 180 days.  All parties in this matter, *except Kaercher*, have entered into a global settlement to resolve and dismiss the claim/counterclaims between them in instant federal court action as well as in the underlying state court tort litigation.  SRM's and Brennan's counterclaims against Kaercher are not a part of this settlement.  A written Settlement Agreement has been approved by the settling parties and several of the settling parties have already executed the Settlement Agreement.  One of the settlement terms requires that this Court approve good faith settlement motions that will be filed by RSUI and Evanston shortly.  Another settlement term calls for the assignment to Browning-Palmer of SRM's and Brennan's counterclaims against Kaercher in the instant action.  In order to accomplish the assignment, the Settlement Agreement requires that Sportsman's and Brennan file a substitution of parties within three (3) judicial days of the effective date of the global settlement which will not occur until the good faith settlement motions are granted and the Settlement Agreement is fully executed.  Upon the effective date, the settling parties will be filing stipulations for dismissal of the claim/counterclaims between them.

Since early this year, the settling parties have been invested in finalizing the terms of the

global settlement between them, which will soon lead to a dismissal of a significant portion of the instant litigation.  Indeed, only the counterclaims against Kaercher will remain.  Therefore, the settling parties focus has been on settlement and preserving funds available for settlement. This discovery extension will allow the settling parties to continue to focus on settlement (including the time needed to have the good faith settlement motions decided) while also allowing SRM and Brennan (and anticipated assignee, Browning-Palmer) and Kaercher the time they need to conduct further needed discovery on the counterclaims, including extending the expert disclosure deadlines.

 In compliance with LR IA 6-1 and 26-3, the parties submit that good cause exists to extend the above-referenced discovery deadlines by an additional 180 days.

**1.     Discovery completed**

On August 10, 2020, RSUI and Evanston filed a Complaint against SRM, Brennan, and Browning-Palmer seeking declaratory relief concerning the insurers' rights and obligations under certain polices of excess insurance that RSUI and Evanston issued to SRM and Brennan for policy period March 13, 2015, to March 13, 2016, with respect to a claim for personal injury damages made by Browning-Palmer arising out of a 2015 shooting at SRM's property.  (ECF No. 1.)  Browning-Palmer also filed a lawsuit against SRM relating to the above-referenced claim that is currently pending in the Eighth Judicial District Court, Clark County, Nevada, entitled *Browning-Palmer v. Hines, et al.*, Case No. A-17-755668-C (the "Underlying Action"). (Id.)

On October 13, 2020, SRM and Brennan filed a Counterclaim against RSUI, Evanston, and new parties Kaercher arising out of the insurers' and insurance brokers' alleged conduct with respect to their handling of the Browning-Palmer claim and the Underlying Action as well as the sale of certain general liability and excess insurance policies to SRM and Brennan.  (ECF No. 14.)

Thereafter, RSUI, Evanston, and Kaercher filed a number of motions to dismiss and to strike the Counterclaim.  (ECF Nos. 21 – 22, 25 – 27, 32 – 34, 38, and 41 – 43.)  On November 24, 2020, SRM and Brennan filed a First Amended Counterclaim.  (ECF No. 46.)     RSUI,

Evanston, and Kaercher again filed a number of motions to dismiss and to strike the First Amended Counterclaim.  (ECF Nos. 58 – 62.)  The motions were fully briefed as of February 12, 2021.  On August 24, 2021, the Court issued a Minute Order denying the pending motions without prejudice based on the parties joint representations that they were attending a global mediation on September 11, 2021.  (ECF No. 88.)  The Court further stated that if the case did not settle, the motions could be re-filed, but cautioned that "the arguments raised in these motions are more appropriate as arguments in a summary judgment motion than in a motion to dismiss and should therefore be brought in that procedural context if the case does not settle." (Id.)  On October 8, 2021, the parties submitted a Joint Status Report advising this Court that although the case did not settle at the September 11, 2021, global mediation, some of the parties were continuing to discuss a settlement framework that may result in a settlement or partial settlement.  (ECF No. 89.)

Counsel for the parties attended a FRCP 26(f) conference on December 16, 2020.  A Joint Discovery Plan and Scheduling Order was submitted by the parties on December 18, 2020 (ECF No. 55), which was entered by this Court on December 21, 2020.  (ECF No. 56).

RSUI served its Initial Disclosures on January 15, 2021, including producing more than 250 pages of documents.  SRM and Brennan served their Initial Disclosures on January 15, 2021.  Browning-Palmer served her Initial Disclosures on January 15, 2021.  Kaercher served their Initial Disclosures on January 15, 2021.  Evanston served its Initial Disclosures on January 15, 2021, including producing approximately 153 pages of documents.

On March 8, 2021, RSUI served written discovery on Evanston, SRM, and Kaercher. Such discovery included a First Set of Requests for Production to Evanston and Kaercher and a First Set of Interrogatories and First Set of Requests for Production to SRM.

On March 8, 2021, RSUI also served two Notices of Issuance of Subpoena Duces Tecum to Swett & Crawford and James River Insurance Company.

On March 30, 2021, SRM served written discovery on RSUI, Evanston, and Kaercher. Such discovery included a First Set of Interrogatories and First Set of Requests for Production to RSUI and Evanston, and First Set of Interrogatories, First Set of Requests for Production, and

First Set of Requests for Admission to Kaercher.

On April 27, 2021, Kaercher served its responses to RSUI's First Set of Requests for Production, including producing approximately 700 pages of documents with a First Supplement to Initial Disclosures.  In April 29, 2021, Kaercher served its responses to SRM's First Set of Interrogatories and SRM's First Set of Requests for Admission.  On May 7, 2021, Kaercher served its responses to SRM's First Set of Requests for Production.  Kaercher served its Second Supplement to Initial Disclosures on May 18, 2021, including two new documents. Kaercher served its Third Supplement to Initial Disclosures on July 23, 2021, including approximately 20 additional pages of documents.

On or about June 14, 2021, SRM sent Kaercher a discovery meet-and-confer letter identifying several deficiencies with Kaercher discovery responses and document production. Counsel for SRM and Kaercher held a meet-and-confer telephonic conference in late July 2021, and exchanged a number of emails.  The parties are continuing to evaluate these deficiency issues.

The Underlying Action remains pending with continued documentation to be added to insurers' claims files as the Underlying Action progresses.  Discovery activity in this action related to SRM, Brennan, RSUI, and Evanston is likely to involve disclosure of information, documents, and materials relevant to the evaluation of Browning-Palmer's claim and/or the ongoing strategy for the prosecution, defense, and resolution of the Underlying Action.  As such, SRM, Brennan, RSUI, and Evanston spent a significant amount of time working out document production issues to alleviate concerns related to Browning-Palmer as a defendant in this action.  This effort was required to ensure that no party gained an unfair competitive advantage in the Underlying Action through production of documents in the instant case.  As a result, on June 9, 2021, the parties submitted a Stipulated Confidentiality and Protective Order, which this Court entered on June 10, 2021 (ECF No. 80).  The parties also negotiated another stipulation to allow for the withholding of documents from Browning-Palmer related to SRM's, RSUI's, and Evanston's evaluation of the Browning-Palmer claim and/or the ongoing strategy for the prosecution, defense, and resolution of the Underlying Action.  That Stipulation was

1   submitted on August 2, 2021 (ECF No. 84), and entered by this Court on August 3, 2021 (ECF

2   No. 85).    Based  on  these  ongoing  discussions,  RSUI  and  SRM  provided  each  other  and

3   Evanston with multiple extensions to respond to written discovery.

4          On June 11, 2021, SRM served a Subpoena Duces Tecum on CRC Insurance Services,

5   Inc.  fka  Swett  &  Crawford  ("Swett  &  Crawford"),  who  SRM  believes  to  be  a  wholesale

6   insurance  broker  that  procured  insurance  policies  for  SRM.    On  June  30,  2021,  Swett  &

7   Crawford advised SRM that it would be producing responsive documents located in its central

8   insurance files on or before July 12, 2021; however, Swett & Crawford advised that they did not

9   undertake a search of its emails across the company based on cost and burden concerns.    SRM

10  received  Swett  &  Crawford  document  production  consisting  of  more  than  11,900  pages  of

11  documents  in  or  about  late  July  2021.    SRM  produced  Sweet  &  Crawford's  entire  document

12  production  to  all  parties  in  the  case  in  its  Third  Supplement  to  Initial  Disclosures  served

13  September 7, 2021, and Fourth Supplement to Initial Disclosures served November 30, 2021.

14         On June 23, 2021, RSUI served its responses to SRM's First Set of Interrogatories and

15  SRM's First Set of Request for Production of Documents, including producing more than 400

16  pages of documents.

17         On June 23, 2021, Evanston served its responses to RSUI's First Set of Requests for

18  Production of Documents, SRM's First Set of Interrogatories, and SRM's First Set of Request

19  for Production of Documents.    Evanston produced approximately 600 pages of documents on

20  June 24, 2021.

21         On June 23, 2021, SRM served its responses to RSUI's First Set of Interrogatories and

22  RSUI's  First  Set  of  Requests  for  Production  of  Documents,  including  producing  more  than

23  1,600 pages of documents.    On August 17, 2021, SRM served its Second Supplement to Initial

24  disclosures producing another 1,600 pages to all parties except Browning-Palmer pursuant to the

25  Stipulation and Order governing documents related to the Underlying Action.

26         On June 24, 2021, RSUI served another Notice of Issuance of Subpoena Duces Tecum to

27  CRC Insurance Services, Inc. f/k/a Swett & Crawford, notifying the parties that it would serve

28  the subpoena on July 2, 2021.

1   James River Insurance Company has not yet responded to the Subpoena Duces Tecum
2   issued by RSUI.

3   On or about August 12, 2021, SRM served a deposition subpoena to Deborah Lopez, a
4   former employee of Kaercher.  Based on a number of scheduling conflicts, SRM served a new
5   deposition subpoena on Ms. Lopez re-scheduling her deposition for September 29, 2021.  Ms.
6   Lopez's deposition was ultimately cancelled.  However, SRM has since learned that Ms. Lopez
7   now resides in Washington state, so counsel will now have to coordinate travel when re-
8   scheduling Ms. Lopez' deposition.

9   On October 8, 2021, SRM served a second set of written discovery on Kaercher related to
10  insurance issues, which Kaercher responded to on November 29, 2021.  On December 3, 2021,
11  SRM served a meet-and-confer letter to Kaercher outlining the deficiencies with Kaercher's
12  responses.  On December 17, 2021, Kaercher advised via email that it would be supplementing
13  its responses.  Kaercher produced its Fourth Supplemental Disclosure on March 7, 2022, which
14  include approximately 140 additional pages of documents.

15  Beginning December 2021 and for some time thereafter, SRM attempted to obtain
16  documents and communications from SRM's prior insurance broker, L/P Insurance, regarding
17  SRM's pre-2015 insurance policies as well as quotes that L/P Insurance obtained for insurance
18  coverage for the 2015-2016 policy period.  A document subpoena will need to be issued to L/P
19  Insurance in order to obtain documents and communications.

20  Given the current deadlines, the parties need to or have retained their respective experts.

21      **2.      Discovery that remains to be completed.**

22  Once the settling parties finalize their settlement and the claims/counterclaims between
23  them are dismissed, the only remaining parties in this action will be Browning-Palmer (as
24  assignee of SRM and Brennan) and Kaercher.

25  From SRM and Brennan's perspective, there remain outstanding issues with respect to
26  Kaercher's responses to SRM's first and second sets of written discovery and document
27  productions.  As such, the remaining parties may need to continue to engage in the meet-and-
28  confer process on these issues.  Should the parties not be able to work out an agreement, a

1    discovery motion will be necessary.

2           Based on SRM review of documents currently produced, SRM (and presumptive

3    assignee, Browning-Palmer) may also need to serve additional document subpoenas on other

4    third parties including L/P Insurance and James River Insurance Company.

5           In addition, the remaining parties still need to take the depositions of a number of fact

6    witnesses, including at a minimum the Fed. R. Civ. P. 30(b)(6) designee for each remaining party

7    as well as those individual personally involved in the procurement of the relevant insurance

8    policies.  The parties, however, reserve their right to take other depositions.  These depositions

9    need to occur after documents productions by the parties and third-parties are completed.

10          Expert discovery is also remaining.  The parties will also need to take expert witness

11   depositions, which cannot be taken until experts are disclosed and reports exchanged.

12          **3.     Reason why the remaining discovery cannot be completed within the time
                    limits set by the Scheduling Order.**

13

14          As demonstrated above, the parties have been actively engaged in discovery since

15   attending the Fed. R. Civ. P. 26(f) conference, including propounding and responding to written

16   discovery, document productions of thousands of pages of documents, conferring regarding the

17   protective order and other document production issues, engaging in the meet-and-confer process,

18   serving subpoena duces tecum and deposition subpoenas on third-parties, and retaining their

19   respective experts.

20          Nevertheless, since September 2021, the parties had been actively engaged in settlement

21   discussions with the hope of resolving this matter (either entirely or partially).  As such, the

22   parties put substantial efforts into settlement.  On September 11, 2021, the parties engaged in a

23   full day global mediation before the Hon. Jennifer Togliatti (Ret.), and since that date, several

24   parties continued to negotiate a resolution through Judge Togliatti.  All parties in this action,

25   except Kaercher, have agreed to settle the disputes between them.  The settling parties confirmed

26   the terms of settlement earlier this year and a written settlement agreement was recently finalized

27   between the many settling parties and their insurance carriers.  One of the settlement terms

28   requires that this Court approve good faith settlement motions that will be filed by RSUI and

Evanston.  Because this Court's approval on the good faith settlement motions will be necessary, the parties desire additional time to effectuate settlement and the contemplated assignment of counterclaims to Browning-Palmer while still providing sufficient time for SRM/Brennan (and presumptive assignee, Browning-Palmer) and Kaercher to undertake the remaining discovery that is needed on the remaining counterclaims and defenses thereto.  The parties believe that an additional 180 days is sufficient but not more than needed to accomplish such.

This is the parties' third request to extend discovery.

**4.    Proposed discovery schedule.**

The parties agree and propose a 180-day extension of the discovery deadlines as follows:

    a)  Discovery Cut-off Date:  **April 10, 2023** (formerly October 11, 2022)

    b)  Amend Pleadings/Add Parties:  **January 10, 2023** (formerly July 13, 2022)

    c)  FRCP 26(a)(2) Disclosure of Initial Expert:  **February 9, 2023** (formerly August 12, 2022)

    d)  FRCP 26(a)(2) Disclosure of Rebuttal Expert:  **March 13, 2023** (formerly September 12, 2022)

    e)  Dispositive Motions:  **May 10, 2023** (formerly November 10, 2022)

    f)  Pre-Trial Order:  **June 9, 2023** (formerly December 12, 2022), but if dispositive motions are filed, 30 days after decision on the dispositive motions or further order of the court.

/ / /

/ / /

/ / /

/ / /

1    The parties stipulate and request that the Court enter an order approving the proposed

2    discovery schedule as set forth above.

3    Dated this 6th day of July, 2022.                    Dated this 6th day of July, 2022.

4    **ARMSTRONG TEASDALE LLP**                          **CHRISTIAN, KRAVITZ, DICHTER,**
                                                          **JOHNSON & SLUGA, PLLC**
5

6    By:   */s/ Michelle D. Alarie*                      By:   */s/ Tyler J. Watson*
          KEVIN R. STOLWORTHY, ESQ. (#2798)                   GENA L. SLUGA, ESQ. (#9910)
7         MICHELLE D. ALARIE, ESQ. (#11894)                   MARTIN KRAVITZ, ESQ. (#83)
          3770 Howard Hughes Parkway, Suite 200                TYLER J. WATSON, ESQ. (#11735)
8         Las Vegas, Nevada 89169                              8985 Eastern Avenue, Suite 200
                                                               Las Vegas, Nevada 89123
9    *Attorneys for Sportsman's Royal Manor, LLC*
     *and Gary Brennan*                                   *Attorneys for RSUI Indemnity Company*
10
      Dated this 6th day of July, 2022.                   Dated this 6th day of July, 2022.
11
     **CLYDE & CO US LLP**                                **LIPSON NEILSON P.C.**
12
     By:   */s/ Peter J. Whalen*                          By:   */s/ Amanda A. Ebert*
13        PETER J. WHALEN, ESQ. (pro hac vice)                 JOSEPH P. GARIN, ESQ. (#6653)
          JENNIFER D. MCKEE, ESQ. (#9624)                      AMANDA A. EBERT, ESQ. (#12731)
14        3960 Howard Hughes Parkway, Suite 500                9900 Covington Cross Drive, Suite 120
          Las Vegas, Nevada 89169                              Las Vegas, Nevada 89144
15
     *Attorneys for Evanston Insurance Company*           *Attorneys for Kaercher Campbell & Associates*
16                                                        *Insurance Brokerage of Nevada, LLC and*
                                                          *Kaercher Insurance, an Alera Group Agency,*
17   Dated this 6th day of July, 2022.                    *LLC*

18   **MATTHEW L. SHARP, LTD.**

19   By:   */s/ Matthew L. Sharp*
          MATTHEW L. SHARP, ESQ. (#4746)
20        432 Ridge Street
          Reno, Nevada 89509
21
     *Attorneys for Domonique Browning-Palmer*
22

23                                       **ORDER**

24                                       IT IS SO ORDERED.

25                                       _____

26                                       UNITED STATES MAGISTRATE JUDGE
                                         DATE: 7-14-2022
27

28

                                    - 10 -