1  Gena L. Sluga, SBN 9910
   Martin J. Kravitz SBN 83
2  Tyler J. Watson SBN 11735
   Christian, Kravitz, Dichter, Johnson & Sluga, PLLC
3  8985 Eastern Avenue, Suite 200
   Las Vegas, Nevada 89123
4  gsluga@cdslawfirm.com
   mkravitz@ksjattorneys.com
5  tjwatson@ksjattorneys.com
   *Attorney for RSUI Indemnity Company*
6

7                  **UNITED STATES DISTRICT COURT**

8                       **DISTRICT OF NEVADA**

9  RSUI INDEMNITY COMPANY, a New      | Case No.: 2:20-cv-01484-RFB-VCF
   Hampshire Stock Company; and EVANSTON |
10 INSURANCE    COMPANY,   an   Illinois | **ORDER GRANTING RSUI INDEMNITY**
   corporation;                         | **COMPANY AND EVANSTON**
11                      Plaintiffs,      | **INSURANCE COMPANY'S**
                                         | **EMERGENCY JOINT MOTION FOR**
12           vs.                         | **GOOD FAITH SETTLEMENT [ECF NO.**
                                         | **100]**
13 SPORTSMAN'S ROYAL MANOR, LLC, a      |
   Nevada   Limited   Liability   Company; |
14 DOMONIQUE      BROWNING-PALMER,       |
   individually; GARY BRENNAN, individually, |
15                                       |
                      Defendants.        |
16 SPORTSMAN'S ROYAL MANOR, LLC;        |
   GARY BRENNAN                          |
17                                       |
                  Counter-claimants,     |
18           vs.                         |
                                         |
19 RSUI      INDEMNITY      COMPANY;     |
   EVANSTON                              |
20 INSURANCE COMPANY; KAERCHER          |
   CAMPBELL & ASSOCIATES INSURANCE      |
21 BROKERAGE     OF    NEVADA,    LLC;   |
   KAERCHER  INSURANCE, AN   ALERA       |
22 GROUP    AGENCY,    LLC;   and   DOE  |
   DEFENDANTS 1-10; ROE DEFENDANTS      |
23 11-20;                                |
                                         |
24            Counter-defendants.        |

25         Plaintiff/Counter-Defendant, RSUI INDEMNITY COMPANY, by and through its counsel

26 of   record,   CHRISTIAN,   KRAVITZ,   DICHTER,   JOHNSON   &   SLUGA,   PLLC,   and

27 Plaintiff/Counter-Defendant, EVANSTON INSURANCE COMPANY, by and through its counsel

28 of record, CLYDE & CO US, LLP,  Emergency Joint Motion for Good Faith Settlement having

                                        1

been heard on the 22nd day of August, 2022, before the Honorable Magistrate Judge Cam Ferenbach: Michelle D. Alarie, Esq. appearing on behalf of Sportsman's Royal Manor ("Sportsman's") and Gary Brennan, Tyler J. Watson, Esq. appearing on behalf of RSUI Indemnity Company ("RSUI"), Peter J. Whalen, Esq. appearing on behalf of Evanston Insurance Company ("Evanston"), Matthew L. Sharp, Esq. appearing on behalf of Domonique Browning-Palmer ("Browning-Palmer"), and Amanda Ebert, Esq. appearing on behalf of Kaercher Campbell & Associates Insurance Brokerage of Nevada, LLC and Kaercher Insurance ("Kaercher"), the Court having heard oral arguments and having been fully advised in this matter and good cause appearing therefore, makes the following Findings of Fact, Conclusions of Law, and Order:

**I.        FINDINGS OF FACT**

1.      On July 28, 2022, RSUI and Evanston filed their Emergency Joint Motion for Good Faith Settlement ("Motion").

2.      On August 1, 2022, Sportsman's and Gary Brennan filed a Non-Opposition to the Motion.

3.      On August 4, 2022, Defendant Browning-Palmer filed a Non-Opposition to the Motion.

4.      On August 4, 2022, Kaercher filed a Response to the Motion.

5.      On August 5, 2022, RSUI and Evanston filed their Reply in Support of the Motion.

6.      On August 8, 2022, the Parties appeared for the hearing on the Motion and, at the request of Kaercher, the hearing was continued to August 22, 2022 to afford Kaercher additional time to determine whether to oppose the Motion on a substantive basis.

7.      On August 18, 2022, Kaercher filed a notice withdrawing their Response and a Notice of Non-Opposition.

8.      Notwithstanding the lack of opposition, this Court applied the following factors as enumerated in *The Doctor's Co. v. Vincent,* 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(*quoting In re MGM Grand Fire Litigation,* 570 F. Supp. 913, 927 (D. Nev. 1983)), to the present case to determine whether Plaintiffs/Counter-Defendants RSUI and Evanston's settlement agreement was made in good faith: (1) the amount paid in the settlement; (2) the allocation of the settlement

proceeds amongst the Plaintiffs; (3) the insurance policy limits of settling Defendants; (4) the financial condition of the settling Defendants; and (5) the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling Defendants.

9.     The Court finds that the first factor, the amount paid in settlement, favors a finding of good faith settlement. RSUI will contribute $262,500 and Evanston will contribute $25,000 to Sportsman's to assist it in efforts to resolve Browning-Palmer's pending claims against Sportsman's in Nevada's Eighth Judicial District Court.  Given the arguments that neither RSUI nor Evanston owe any coverage in the *Browning-Palmer* action, the settlement figures are more than reasonable. As set forth in the Joint Motion, pursuant to the James River Assault and Battery Endorsement, Sportsman's primary carrier, the limit of the James River Policy is reduced from $1,000,000 per "occurrence" to $50,000 per "occurrence" for all "claims expenses" and damages because of "bodily injury" asserted in the *Browning-Palmer* action. In other words, the limit available under the James River Policy for the *Browning-Palmer* action is $50,000, rather than the $1,000,000 specified in the Schedule of Underlying Insurance of the RSUI Policy for this type of claim. RSUI and Evanston contend that the Schedule of Underlying Insurance makes no mention of self-insurance. Accordingly, RSUI maintains that the "Sublimited Underlying Coverage" exclusion in the RSUI Policy applies and bars coverage for this matter. As the Evanston Policy generally follows form to the underlying RSUI excess Policy, Evanston maintains that the Evanston Policy also provides no coverage for the Browning-Palmer claim.

10.     The Court finds that the second factor, the allocation of settlement proceeds, favors a finding of good faith settlement. As this settlement relates to resolving the counterclaims Sportsman's asserted against RSUI and Evanston (as well as rendering RSUI and Evanston's claims moot), the question of allocation is not at issue for the purposes of this settlement.

11.     The Court finds that the third factor, the insurance policy limits of the settling parties favor a finding of good faith settlement.  Because the settling parties are insurance companies, as opposed to individuals or entities holding an insurance policy, this factor is inapplicable.

12.     The Court finds that the fourth factor, the financial condition of the settlement Defendant, favors a finding of good faith settlement. As the settling parties are insurance companies,

3

1  as opposed to individuals or other entities, the question of financial condition is inapplicable.

2        13.    The Court finds that the fifth factor, the existence of collusion, fraud, or tortious

3  conduct aimed to injure the interests of the non-settling Defendant, favors a finding of good faith

4  settlement.  The purpose of this settlement is for RSUI and Evanston to buy their peace before

5  incurring significant time and expense regarding expert witness retention, conducting depositions,

6  drafting of discovery and dispositive motions, and preparing for and conducting a trial on the merits.

7  Moreover, despite strong arguments that RSUI and Evanston's excess policies do not provide any

8  coverage for the subject *Browning-Palmer* litigation, this settlement allows RSUI and Evanston to

9  protect the insured from further exposure.  Lastly, the parties utilized the services of a mediator, the

10  Hon. Jennifer Togliatti (Ret.,) which serves as further proof that no collusion, fraud, or tortious

11  conduct occurred between the parties in reaching this agreement.

12        14.    The Court finds that an application of the five articulated factors to this case

13  establishes that RSUI and Evanston's settlement was made in good faith.

14        15.    The Court further finds that RSUI and Evanston are discharged from any and all

15  potential liability for any contribution or equitable indemnity claims including, but not limited to, any

16  potential, but not yet asserted, claim from Kaercher.

17  **II.**       **CONCLUSIONS OF LAW**

18        1.    In Nevada, courts have discretion as to the determination of good faith based upon

19  all relevant facts available. *Veliscol Chemical Corp. v. Davidson,* 107 Nev. 356, 360, 811 P. 2d 561

20  (1991).

21        2.    Under Nevada law, courts consider the following factors in determining whether a

22  settlement was reached in good faith: (1) the amount paid in settlement; (2) the allocation of the

23  settlement proceeds amongst the Plaintiffs; (3) the insurance policy limits of settling Defendants;

24  (4) the financial condition of the settling Defendants; and (5) the existence of collusion, fraud or

25  tortious conduct aimed to injure the interests of non-settling Defendants. *The Doctor's Co. v.*

26  *Vincent,* 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)(*quoting In re MGM Grand Fire Litigation,*

27  570 F. Supp. 913, 927 (D. Nev. 1983)).

28        *3.*    Plaintiffs/Counter-Defendants RSUI and Evanston demonstrated the settlement

1  reached was made in good faith pursuant to the five factors set forth in *The Doctor's Co. v. Vincent.*

2  **III.   ORDER**

3        **IT IS HEREBY ORDERED, ADJUDGED AND AGREED** that Plaintiffs/Counter-

4  Defendants RSUI and Evanston's Joint Emergency Motion for Good Faith Settlement is hereby

5  **GRANTED**.

6        **IT IS HEREBY FURTHER ORDERED, ADJUDGED AND AGREED** that the granting

7  of Plaintiffs/Counter-Defendants RSUI and Evanston's Joint Emergency Motion for Good Faith

8  Settlement precludes any non-settling party from bringing any potential claim for equitable

9  indemnity and/or contribution in the future.

10
        _____
        U.S. DISTRICT COURT JUDGE

11  **Respectfully Submitted By:**

12  CHRISTIAN, KRAVITZ, DICHTER,                    CLYDE & CO, US, LLP
    JOHNSON & SLUGA, PLLC

13  */s/ Tyler J. Watson, Esq.*                     */s/ Peter J. Whalen, Esq.*
    Gena L. Sluga                                   Peter J. Whalen

14  Martin J. Kravitz                               Jennifer D. McKee
    Tyler J. Watson                                 3960 Howard Hughes Parkway, Suite 500

15  8985 Eastern Avenue, Suite 200                  Las Vegas, Nevada 89169
    Las Vegas, Nevada 89123                         *Attorneys for Evanston Insurance Company*

16  *Attorney for RSUI Indemnity Company*

17

18  **Approved to as to Form and Content:**
    ARMSTRONG TEASDALE, LLP                         LIPSON NEILSON, P.C.
    */s/ Michelle D. Alarie, Esq.*                  */s/ Amanda A. Ebert, Esq.*

19  Kevin R. Stolworthy, Esq.                       Joseph P. Garin, Esq.
    Michelle D. Alarie, Esq.                        Amanda A. Ebert, Esq.

20  3770 Howard Hughes Parkway, Suite 200           9900 Covington Cross Dr. Suite 120
    Las Vegas, NV 89169                             Las Vegas, NV 89144

21  *Attorneys for Plaintiffs/Counter-claimants*    *Attorneys for Counterdefendants, Kaercher*
    *Sportsman's Royal Manor, LLC and*              *Campbell & Associates Insurance Brokerage*

22  *Gary Brennan*                                  *Of Nevada, LLC and Kaercher Insurance,*
                                                    *An Alera Group Agency, LLC*
23

24
    MATTHEW L. SHARP, LTD.                          IT IS SO ORDERED.

25  */s/ Matthew L. Sharp, Esq.*
    Matthew L. Sharp, Esq.

26  432 Ridge St.                                   _____
    Reno, NV 89509                                  Cam Ferenbach

27  *Attorney for Defendant Domonique*              United States Magistrate Judge
    *Browning-Palmer*

28                                                  DATED  8-26-2022  _____

5